IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STEPHEN R. COLLETT and FELICITY COLLETT,

    Plaintiffs,

vs.

OLYMPUS CORPORATION and ADVANCED STERILIZATION PRODUCTS,

    Defendants.

CASE NO. 3:18-CV-66 (CDL)

O R D E R

Presently pending before the Court is Olympus Corporation's motion to dismiss and Plaintiffs' motion for leave to amend their Complaint. As discussed, the motion to dismiss (ECF No. 32) is granted, and Plaintiffs' claims against Olympus Corporation are dismissed for lack of personal jurisdiction. Plaintiffs' motion for leave to amend (ECF No. 41) is granted to the extent set forth in this Order.

**I.  Motion to Dismiss**

Olympus Corporation is a Japanese corporation headquartered in Japan. Olympus Corporation seeks dismissal of Plaintiffs' claims against it based on lack of personal jurisdiction. As a preliminary matter, Plaintiffs argue that the motion to dismiss is moot because their Second Amended Complaint superseded the First Amended Complaint. But, as discussed in more detail *infra* § II,

Plaintiffs did not receive leave of the Court or consent of the Defendants before filing their Second Amended Complaint, so it is not the operative Complaint.

In this diversity case, the Court may exercise personal jurisdiction over a non-resident defendant only if (1) jurisdiction is appropriate under the long-arm statute of Georgia (the state where the Court sits) and (2) the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Id.* at 1257 (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (quoting *Mazer*, 556 F.3d at 1274). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

Under Georgia's long-arm statute, Georgia courts may exercise personal jurisdiction over a nonresident defendant if the defendant, "in person or through an agent":

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.C.G.A. § 9-10-91.

In their First Amended Complaint, Plaintiffs summarily allege that Olympus Corporation "transacts business within [Georgia], has committed a tortious act or omission within this state, and/or has committed a tortious injury in this state caused by an act or omission outside of this state." 1st Am. Compl. ¶ 7, ECF No. 11; *accord* Proposed 2d Am. Compl. ¶ 10, ECF No. 40 (same). Plaintiffs further allege that Olympus Corporation "regularly does and solicits business, and engages in other persistent courses of conduct, and derives substantial revenue from services rendered in the State of Georgia." 1st Am. Compl. ¶ 8. Plaintiffs' claims are based in part on alleged defects in a colonoscope that Plaintiffs allege was "designed, manufactured and sold as new by Olympus [Corporation]." *Id.* ¶ 19; Proposed 2d Am. Compl. ¶ 22 (alleging that the colonoscope was designed, manufactured, and

3

sold by "Olympus," which includes Olympus Corporation, Olympus Medical Systems Corporation, and Olympus America Inc.).

In response, Olympus Corporation submitted an affidavit that states, in relevant part:

> * A separate and distinct entity called Olympus Medical Systems Corporation designed and manufactured the colonoscope at issue in this action.
>
> * Olympus Corporation is a separate and distinct legal entity from the other Olympus companies.
>
> * Olympus Corporation does not transact or conduct business in Georgia.
>
> * Olympus Corporation does not employ agents or representatives in Georgia with respect to medical devices.
>
> * Olympus Corporation is not qualified, licensed, or authorized to do business in Georgia.
>
> * Olympus Corporation does not regularly do or solicit business in Georgia.
>
> * Olympus Corporation does not derive revenue from the sale of medical devices to end users in the United States.
>
> * Olympus Corporation has not sold medical products into Georgia and has not executed a sales, maintenance, or repair service contract in Georgia related to medical devices.
>
> * Olympus Corporation has not and does not target healthcare providers in Georgia for the sale and distribution of medical devices.
>
> * Olympus Corporation does not purposefully direct its business activities to healthcare providers in Georgia.
>
> * Olympus Corporation has not and does not purposefully place medical devices into the stream of commerce in Georgia.

> * Olympus Corporation does not contract with any Georgia healthcare providers for the manufacturing, service, sales, or marketing of medical equipment.
>
> * Olympus Corporation has no mailing address or telephone number or listing in Georgia.
>
> * Olympus Corporation maintains no accounts in any financial institutions in Georgia.
>
> * Olympus Corporation does not pay Georgia taxes.
>
> * Olympus Corporation does not own any real property located in Georgia.

Tashiro Decl. ¶¶ 7, 12-14, 16-17, 23, 25, 29, 31, 33-37, ECF No. 32-2. Plaintiffs did not submit any evidence to dispute Olympus Corporation's declaration that it did *not* manufacture or sell the colonoscope, and Plaintiffs did not point to any other facts to suggest that Olympus Corporation transacted business in Georgia, committed a tortious act in Georgia, or committed a tortious injury in Georgia. Furthermore, Plaintiffs did not request jurisdictional discovery to explore Olympus Corporation's contacts with Georgia. Rather, Plaintiffs now assert that Olympus Corporation "is the parent company of the company that actually manufactured the colonoscope," Olympus Medical Systems Corporation, and "the company that markets and sells the colonoscopes," Olympus America Inc. Pls.' Resp. to Olympus Corp.'s Mot. to Dismiss 2, ECF No. 42. Plaintiffs do not allege or argue that Olympus Corporation exercised such control over these subsidiaries that any Georgia conduct of the subsidiaries should be attributed to Olympus Corporation, and they do not allege or

5

argue that these subsidiaries should be treated as Olympus Corporation's agents for jurisdictional purposes. Under these circumstances, the Court finds that Georgia's long-arm statute does not permit jurisdiction.

Even if Georgia's long-arm statute permitted jurisdiction, the Due Process Clause would not. The Due Process Clause of the Fourteenth Amendment requires that "individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign[.]'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (first alteration in original) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment). With this "fair warning" requirement, "the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit[.]'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The courts recognize two types of jurisdiction that are consistent with the Due Process Clause: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Court may exercise general jurisdiction over a foreign corporation if the corporation has contacts with Georgia that "are so 'continuous and systematic' as to render [it] essentially at

6

home in" Georgia. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "The 'paradigm all-purpose forums' in which a corporation is at home are the corporation's place of incorporation and its principal place of business." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018), *cert. denied sub nom. Waite v. Union Carbide Corp.*, No. 18-998, 2019 WL 400831 (U.S. Mar. 25, 2019). Here, neither the First Amended Complaint nor the proposed Second Amended Complaint alleges any facts to establish general jurisdiction over Olympus Corporation.

Plaintiffs also did not establish specific jurisdiction. "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there," the Due Process Clause's "'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.*, 471 U.S. at 472 (footnote omitted) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), then *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "Thus '[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State' and those products subsequently injure forum

7

consumers." *Id.* (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297–98.

Here, Plaintiffs did originally allege that Olympus Corporation manufactured and sold the colonoscope at issue in this action. But, as discussed above, Plaintiffs did not submit any evidence to dispute Olympus Corporation's declaration that it did *not* manufacture or sell the colonoscope or otherwise purposefully direct its activities toward Georgia residents. Rather, Plaintiffs now contend that two subsidiaries of Olympus Corporation purposefully directed their activities toward Georgia residents. Again, Plaintiffs do not allege or argue that these subsidiaries' conduct should be imputed to Olympus Corporation or that the subsidiaries should be treated as Olympus Corporation's agents for jurisdictional purposes. For these reasons, the Court concludes that Plaintiffs did not meet their burden of establishing specific jurisdiction over Olympus Corporation. Given that Plaintiffs did not request jurisdictional discovery to explore Olympus Corporation's contacts with Georgia for the purpose of opposing Olympus Corporation's motion to dismiss, the Court grants Olympus Corporation's motion to dismiss for lack of personal jurisdiction (ECF No. 32).

**II. Motion for Leave to Amend**

Plaintiffs originally brought this action against "Olympus Optical Co., Ltd." and Advanced Sterilization Products ("ASP").

Before Plaintiffs served Olympus Optical Co., Ltd., ASP filed a motion to dismiss. Plaintiffs filed a First Amended Complaint within twenty-one days, and ASP withdrew its motion to dismiss the original Complaint and filed a motion to dismiss the First Amended Complaint, which the Court later denied. While ASP's motion to dismiss was pending, Olympus Optical Co., Ltd. filed a corporate disclosure statement stating that it changed its name to Olympus Corporation in 2003. Based on that disclosure, the Court entered a text order granting Plaintiffs leave to amend their complaint to reflect the change. Text Order (Dec. 5, 2018), ECF No. 36. Plaintiffs filed a Second Amended Complaint in accordance with that text order. The Second Amended Complaint includes claims against two subsidiaries of Olympus Corporation—Olympus America Inc. and Olympus Medical Systems Corporation—because Plaintiffs now assert that these subsidiaries manufactured, marketed, and sold the colonoscope at issue in this action. Plaintiffs did not receive leave from the Court or consent from Defendants before attempting to join two new Defendants in the Second Amended Complaint. Although Plaintiffs argue that they were permitted to file the Second Amended Complaint as a matter of course, they also filed a motion for leave to file the Second Amended Complaint. Defendants oppose the amendment, arguing that it is futile.

Under Federal Rule of Civil Procedure 15(a), a "party may amend its pleading *once* as a matter of course within" twenty-one

days after serving it or within twenty-one days after service of a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1) (emphasis added); *cf. Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 (11th Cir. 2007) (concluding, under the pre-2009 version of Rule 15, that a plaintiff had a right to file a *first* amended complaint as a matter of course with regard to the defendants who had filed motions to dismiss but not answers).[1]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs argue that because they filed their Second Amended Complaint within twenty-one days after Olympus Corporation filed its motion to dismiss, the amendment was permitted as a matter of course.  Plaintiffs did not cite any authority for their argument that a plaintiff who has already filed a first amended complaint as a matter of course may file a *second* amended complaint as a matter of course under Rule 15.  And, the Eleventh Circuit has concluded that even if a plaintiff has a right to amend as a matter of course, the plaintiff waives that right if he files a motion to amend and thereby invites the district court

---

[1] "Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. Serving a responsive pleading terminated the right to amend.  Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a 'pleading' as defined in Rule 7. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment.

10

to review his proposed amendments. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010) (per curiam). The Court will therefore consider the merits of Plaintiff's motion for leave to amend.

Rule 15(a) requires that the Court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Williams*, 477 F.3d at 1292 n.6 (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir.2004)). Defendants argue that the amendment would be futile as to Olympus Corporation and Olympus Medical Systems Corporation because the Court lacks personal jurisdiction over those two Defendants. For the reasons set forth above in Section I, the Court agrees that the proposed amendment with regard to Olympus Corporation would be futile because Plaintiffs did not meet their burden of producing evidence supporting jurisdiction over Olympus Corporation, and they did not request jurisdictional discovery to explore Olympus Corporation's contacts with Georgia. Plaintiffs may not amend their Complaint to revive the claims against Olympus Corporation that have been dismissed.

The Court finds, however, that it would not be futile for Plaintiffs to amend their Complaint to add claims against Olympus Medical Systems Corporation. Olympus Medical Systems Corporation

11

did not point to an affidavit or other evidence to challenge personal jurisdiction, so the Court must accept the allegations of the proposed Second Amended Complaint as true for purposes of deciding whether the amendment would be futile for lack of sufficient jurisdictional allegations. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (per curiam) (accepting allegations that were not contradicted by an affidavit as true in evaluating the jurisdictional issue). In their proposed Second Amended Complaint, Plaintiffs allege that:

  * Olympus Medical Systems Corporation manufactured the colonoscope at issue in this case. Proposed 2d Am. Compl. ¶ 22.

  * Olympus Medical Systems (and Olympus America Inc.) transacts business in Georgia, committed a tortious act or omission in Georgia, and committed a tortious injury in Georgia. *Id.* ¶ 10.

  * Olympus Medical Systems "regularly does and solicits business, and engages in other persistent courses of conduct, and derives substantial revenue from services rendered in the State of Georgia." *Id.* ¶ 11.

  * Olympus Medical Systems Corporation (and Olympus America Inc.) distributed the colonoscope into the stream of commerce and the colonoscope was expected to and did reach Athens Gastroenterology Association in Athens, Georgia without substantial change to its condition. *Id.* ¶¶ 64-68, 73, 107.

These allegations, taken as true and drawing all reasonable inferences in Plaintiffs' favor, are sufficient to establish personal jurisdiction under Georgia's long-arm statute and the Due Process Clause.[2] Plaintiffs shall be permitted to amend their

---

[2] In reaching this conclusion, the Court did not rely on Plaintiffs' evidence that Olympus Medical Systems Corporation consented to personal jurisdiction in one case in the U.S. District Court for the District of

12

Complaint to add Olympus Medical Systems Corporation as a Defendant. This ruling shall not preclude Olympus Medical Systems Corporation from filing a dispositive motion on personal jurisdiction grounds.

Defendants do not dispute that the Court may exercise personal jurisdiction over Olympus America Inc., which is registered to do business in Georgia. Defendants do argue that the proposed Second Amended Complaint fails to remedy "pleading deficiencies" in the First Amended Complaint and that the amendment should therefore be denied as futile. They argue, as ASP did in its motion to dismiss, that Georgia's two-year statute of imitations bars all of Plaintiffs' claims and that the discovery rule does not apply. The Court previously rejected these arguments when it denied ASP's motion to dismiss. *Collett v. Olympus Optical Co.*, No. 3:18-CV-66 (CDL), 2018 WL 6517442, at *3-*5 (M.D. Ga. Dec. 11, 2018). Defendants also argue that Plaintiffs do not allege plausible negligence or product liability claims against Olympus Medical Systems Corporation or Olympus America Inc. But Plaintiffs allege that these Defendants manufactured and sold a colonoscope that was defective because it allowed infectious materials, including viruses, to become trapped in nooks and crannies of the

---

New Jersey when it pled guilty to introducing misbranded medical devices into interstate commerce. Olympus Medical Systems Corporation's consent to jurisdiction in an unrelated case in another jurisdiction does not establish that Olympus Medical Systems Corporation consented to jurisdiction here.

13

colonoscope; that the entrapped infectious materials could not be disinfected by liquid chemical germicides; that the entrapped infectious materials could be transferred from one patient to another; that Defendants knew about these issues but failed to warn medical providers about them; that Defendants did not instruct medical providers regarding an effective way to sterilize the colonoscope to prevent the spread of infectious diseases between patients; and that Mr. Collett's physicians did not know about the dangers of the colonoscope.[3] Proposed 2d Am. Compl. ¶¶ 44-47, 49. Plaintiffs further allege that Mr. Collett contracted human immunodeficiency virus from an improperly disinfected colonoscope manufactured and sold by Olympus Medical Systems Corporation and Olympus America Inc. Based on these allegations, the Court is satisfied that Plaintiffs adequately allege negligence and product liability claims against Olympus Medical Systems Corporation and Olympus America Inc. The Court also rejects Defendants' argument that the allegations do not put Defendants on notice of what allegations are being made against each Defendant. At this point, Plaintiffs are alleging that *both* Olympus Medical Systems Corporation and Olympus America Inc. were involved in the design, manufacture, and sale of the colonoscope. Defendants contend that

---

[3] Plaintiffs allege that the properties of the colonoscope that caused it to trap infectious materials were the result of a design defect *and* a manufacturing defect. The question whether the evidence supports either type of claim will not be ripe until after discovery.

these allegations are implausible. At this stage in the litigation, however, the Court is not required to divine what Plaintiffs may plausibly be able to prove. Instead, the Court must be satisfied that the complaint includes enough factual allegations "to raise a right to relief above the speculative level" and "raise a reasonable expectation that discovery will reveal evidence of" Plaintiffs' claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court may not dismiss a well-pleaded complaint (or refuse leave to amend) "simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

Finally, Defendants assert that Plaintiffs' fraudulent misrepresentation and fraudulent concealment claims fail to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). This argument is unpersuasive. Plaintiffs sufficiently stated the facts upon which their fraud claims are based, and they allege that both Olympus Medical Systems Corporation and Olympus America Inc. made fraudulent misrepresentations and engaged in fraudulent concealment. If Plaintiffs prove those facts, Plaintiffs will have established the essential elements of a fraud claim under Georgia law. Accordingly, the Court finds that Plaintiffs should be given leave

to add fraud claims against Olympus Medical Systems Corporation and Olympus America Inc.

## CONCLUSION

For the reasons set forth above, Olympus Corporation's motion to dismiss (ECF No. 32) is granted, and Olympus Corporation is dismissed from this action for lack of personal jurisdiction. Plaintiffs' motion for leave to amend (ECF No. 41) is granted to the extent set forth in this Order; Plaintiffs shall be permitted to amend their Complaint to add claims against Olympus Medical Systems Corporation and Olympus America Inc. Within seven days of today's Order, Plaintiffs shall file an amended Complaint consistent with today's rulings. For the sake of clarity, the new Complaint shall be labeled Third Amended Complaint. The stay of the Rules 16/26 requirements is lifted. The parties shall submit a joint proposed scheduling/discovery order within twenty-eight days of today's Order.

IT IS SO ORDERED, this 19th day of April, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
