IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STEPHEN R. COLLETT and FELICITY   *
COLLETT,
                                  *
    Plaintiffs,
                                  *
vs.
                                  *      CASE NO. 3:18-CV-66 (CDL)
OLYMPUS MEDICAL SYSTEMS CORP.
and OLYMPUS AMERICA INC.,         *

    Defendants.                   *

O R D E R

The parties seek a court order compelling two third-party entities to disclose information that could lead them to additional information that is privileged under Georgia law. The information the parties presently seek is not, standing alone, probative of any issue in this case, and the additional information the parties may ultimately seek based upon the initial information they presently seek is clearly privileged. Therefore, the Court denies the parties' motions to compel the third parties to produce the information.

BACKGROUND

Plaintiffs allege that Stephen Collett contracted human immunodeficiency virus (HIV) from a defective colonoscope at Athens Gastroenterology Endoscopy Center (the "Center"). The parties have a list of approximately forty-five patients who underwent colonoscopies with the colonoscope that was used on Dr.

Collett at around the same time. The parties want to know the HIV status of these other patients, arguing that this information may be relevant as to whether the colonoscope in question was contaminated with the HIV virus prior to Dr. Collett's procedure. Specifically, Defendants have moved to compel the Center to respond to a subpoena requiring the Center to state whether any of the patients on the Center's list reported HIV positive status to the Center. And Plaintiffs have moved for an order permitting them to present the Center's list of patients to the Georgia Department of Public Health and ask it to determine whether anyone on the list has ever tested positive for HIV. Standing alone, the information sought by the parties in their two pending requests is not probative of whether the colonoscope in question was contaminated with HIV. But the information the parties now seek could lead to relevant information if they are later permitted to identify whether a specific prior patient was HIV positive. The parties seem to understand that without this follow-up step, the information that they now seek is useless. Rather than acquiesce to the parties' suggestion that the second step be addressed later, the Court finds it appropriate to decide now whether this identity-specific HIV evidence will ever be discoverable because if it is not, the first step is a waste of time and resources even if the information sought in this first step is not privileged. Because the necessary follow-up step

would require the disclosure of privileged information, the Court denies Defendants' motion to compel (ECF No. 102) and Plaintiffs' motion for permission to disclose (ECF No. 108).

DISCUSSION

The central issue for the Court to decide is whether Georgia law permits disclosure of the information the parties now seek and will seek under the circumstances presented here. Federal Rule of Civil Procedure 26(b)(1) only permits discovery of nonprivileged matter. This is a diversity action, and the Eleventh Circuit has observed that "[s]tate privilege defenses have full force and effect in federal court in diversity jurisdiction cases by virtue of" Rule 501. *Price v. Time, Inc.*, 416 F.3d 1327, 1335. Therefore, the Court must determine whether the information that the parties currently seek and the information that they intend to ultimately seek is privileged under Georgia law.

In Georgia, "AIDS confidential information" is "confidential and shall not be disclosed except as" permitted by statute. O.C.G.A. § 24-12-20. "No person or legal entity which receives AIDS confidential information . . . or which is responsible for recording, reporting, or maintaining AIDS confidential information shall: (A) Intentionally or knowingly disclose that information to another person or legal entity; or (B) Be compelled by subpoena, court order, or other judicial process to

3

disclose that information to another person or legal entity[.]" O.C.G.A. § 24-12-21(b)(1). There are some exceptions. *See* O.C.G.A. § 24-12-21(c)-(i) (permitting, under specified circumstances, disclosure to certain government agencies; to the patient's spouse, sexual partner, or child; and to the patient's health care provider). None of these exceptions would permit disclosure of a person's AIDS confidential information to third parties who are private litigants in a civil action.

"AIDS confidential information" that is privileged under O.C.G.A. § 24-12-21 means information which discloses that a person:

> (A) Has been diagnosed as having AIDS;
>
> (B) Has been or is being treated for AIDS;
>
> (C) Has been determined to be infected with HIV;
>
> (D) Has submitted to an HIV test;
>
> (E) Has had a positive or negative result from an HIV test;
>
> (F) Has sought and received counseling regarding AIDS; or
>
> (G) Has been determined to be a person at risk of being infected with AIDS,
>
> and which permits the identification of that person.

O.C.G.A. § 31-22-9.1(a)(2). Based on the plain language of the statute, it appears that the legislature intended to prevent disclosure that a person tested positive for HIV, was suspected of being exposed to or infected with the virus such that it was

4

advisable for the person to submit to an HIV test, or was determined to be at risk of becoming infected with the virus.

The parties presently want to know whether any patient who was treated with the colonoscope shortly before October 10, 2011 was infected with HIV at the time. If the Court were to grant either of the parties' pending motions, then the Center or the health department would have to review the Center's list of forty-five patients and determine if any of them had been reported as HIV positive. If neither the Center nor the health department has a record of any patient on the list testing positive for HIV, then it would not be a disclosure of "AIDS confidential information" to say so. This answer would not reveal any AIDS or HIV diagnosis and would not disclose whether anyone on the list had submitted to an HIV test or was determined to be at risk of becoming infected with the virus.[1]

The more complicated issue is what would happen if one or more patients on the list *was* reported to be infected with HIV.

---

[1] Plaintiffs argue that even if the Center responded that it has no record of any of its patients being HIV positive, it is possible that a patient was infected with HIV before October 2011 but had not yet tested positive. So, Plaintiffs want to know if any of the patients on the list were ever reported as HIV positive to the health department. Defendants assert that even if the health department received a report that one of the patients tested positive for HIV, that does not mean that the patient was HIV positive before October 2011 and therefore would not establish a potential causal connection. More discovery would be needed. And it is that discovery that would involve potentially privileged information. Absent compelling circumstances, it would be unjust to allow the admission of evidence sought in step one but prevent the opposing party from discovering the privileged information necessary to refute it.

5

The parties' requests, as currently framed, would require disclosure that someone on the patient list has been reported as infected with HIV, though the requests would not require the Center or the health department to say who on the list of forty-five patients was reported as HIV positive.  But the litigants in this civil action would know that at least one person on a small list of patients was reported as HIV positive.[2]  And it seems inevitable that if at least one of the patients was reported as HIV positive, then the parties will want additional discovery to learn when the person was infected and when the person tested positive for HIV.  Without those crucial additional facts, the "step one" information would either not be relevant to any issue in the case (because the simple fact that someone on the list may be HIV positive is not enough standing alone to be probative of whether that person contaminated the colonoscope with the virus), or allowing the circumstantial evidence discovered in step one while denying the discovery of evidence that could refute it would be unjust.  Such a process would prevent the opportunity for telling the proverbial other side of the story.  Thus, the next step would need to be taken.  The parties have not provided

---

[2] Plaintiffs point out that if someone on the list was reported as HIV positive, the law would permit the health department to tell the Center because the health department may disclose a patient's AIDS confidential information to a health care provider whom the patient consulted for medical treatment.  But that exception would not permit the health department to disclose a person's private health information to the Court or to the lawyers in this case.

6

a complete, clear path for this second step in the process, and the Court can conceive of no path that does not include identification of the HIV positive patient.

Defendants' suggested process begins with O.C.G.A. § 24-12-21(t), which permits a superior court to order disclosure of AIDS confidential information to a party in a civil proceeding under certain circumstances.  Defendants assert that the health department should be required to answer whether any of the patients on the Center's list is HIV positive.  Then, if the answer is yes, Defendants acknowledge that the Court and the parties would have to figure out the next steps.  Based on the Court's review of the statute, the next steps would require the Court to determine whether "the petitioner for disclosure demonstrate[d] by clear and convincing evidence a compelling need for the information which cannot be accommodated by other means." O.C.G.A. § 24-12-21(t)(2).  And, the statute requires that the person whose private information is sought will receive notice from the Court and an opportunity to be heard before any disclosure. The statute, however, does not seem to contemplate a situation like the present one, where none of the parties knows the "true name of the person concerning whom the information is sought," *id.* § 24-12-21(t)(3), and the true name would somehow

7

have to be obtained from the health department before the required notice and opportunity to be heard can be given.[3]

Based on the present record, the Court is not persuaded that the parties have a compelling need for obtaining AIDS confidential information about the Center's patients.  This is not a case where a person whose AIDS confidential information is sought is already known to the parties and is accused of committing a crime or a tort related to that person's HIV status.  In this case, the parties' private need for disclosure of AIDS confidential information in this product liability action is far outweighed by the privacy interest of any person whose private information is sought and by the public interest that would be "disserved by disclosures which may deter voluntary HIV tests." O.C.G.A. § 24-12-21(t)(2).  Accordingly, the information sought is not discoverable via a court order pursuant to O.C.G.A. § 24-12-21(t).  And given this finding, the information the parties presently seek in order to lay the foundation for obtaining this privileged information is either irrelevant or its probative

---

[3] Imagine the notice.  "You had a colonoscopy with Dr. Jeffrey Williams almost ten years ago.  Another patient claims that the colonoscope was defectively designed and that they contracted HIV from it.  They brought a product liability action in this Court.  Dr. Williams was required to produce a list of the patients who used the colonoscope during the same timeframe, and that list is being kept confidential by the Court and the lawyers.  Your name was on the list.  The parties want to know if you have HIV and, if so, when you became infected.  Is it all right with you if the public health department shares that information, including your name, with the Court, confidentially?  And is it okay if the Court shares that information with the lawyers in the product liability action?"

8

value is substantially outweighed by the risk of unfair prejudice. Thus, the Court will not order its production.

CONCLUSION

For the reasons set forth above, the Court denies Defendants' motion to compel (ECF No. 102) and Plaintiffs' motion for permission to disclose (ECF No. 108).

IT IS SO ORDERED, this 16th day of October, 2020.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
